ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VII

| A & J RENTAL, LLC Y OTROS<br><br>Peticionarios<br><br>v.<br><br>PEMSY GROUP CORPORATION Y OTROS<br><br>Recurridos | KLCE202401209 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Aibonito<br><br>Caso Número: CO2024CV00165<br><br>Sobre: Interdicto Posesorio; Sentencia Declaratoria |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda Del Toro y el Juez Pérez Ocasio

**Ronda Del Toro, Juez Ponente**

# SENTENCIA

En San Juan, Puerto Rico, a 27 de noviembre de 2024.

A & J Rental LLC, Isaac Díaz Rivera y Jovana Zambrana, (Peticionarios) solicitan la revisión de la Resolución emitida el 4 de octubre de 2024 y notificada el 8 de octubre de este año. Mediante esta, el Foro Primario desestimó sin perjuicio la demanda que interpusieron los recurrentes contra CalCon Mutual Mortgage, LLC dba ONE Trust Home Loans (CalCon).

Por los fundamentos que exponemos a continuación, se expide el auto y se *Confirma* la *Resolución* recurrida.

## I.

El 6 de abril de 2024, A & J Rental LLC, Ángel Isaac Díaz Rivera, t/c/c Ángel Díaz y Jovana Zambrana presentaron una *Demanda Jurada, Sentencia Declaratoria, Interdicto Permanente y Daños y Perjuicios y otras reclamaciones*, contra ciertas entidades, entre ellas, CalCon Mutual Mortgage, LLC dba One Trust Home Loans. En cuanto a CalCon, indicaron lo siguiente:

> La parte codemandada es Prestador Hipotecario: CalCon Mutual Mortgage, LLC dba One Trust Home

Número Identificador

SEN2024 _____

Loans. Número de Identificación del Sistema Nacional del Registro de Licencias Hipotecarias: "46375". Su oficina principal se halla en la jurisdicción del Estado de California en los Estados Unidos de Norteamérica. La dirección de su oficina principal en la jurisdicción citada es la siguiente 3838 Camino del Rio N Suite 305 San Diego, CA 92108. **Dicha corporación con número 399618 en el Registro de Corporaciones del Departamento de Estado de Puerto Rico. Dirección postal y física es la siguiente: 273 Avenida Ponce de León Suite 1500, San Juan, Puerto Rico, 00917. Agente residente en Puerto Rico es Corporate Service Solutions, LLC y que la dirección postal y física de la última es la siguiente: Agustin Stahl, Carr. 174 A-10, Bayamón, Puerto Rico 00956.** Esta entidad fue la que confirió el préstamo a las partes codemandantes para comprar los apartamentos que no están aptos para ser habitables en detrimento del Truth in Lending Act (en adelante "TILA" en inglés), 15 U.S.C.A. et. seq. (Énfasis nuestro).

Ese día, 6 de abril de 2024, los Peticionarios también presentaron una *Solicitud de Emplazamiento por Edictos*, para emplazar a Phillip Richard Morris y a *CalCon Mutual Mortgage*, *LLC* dba *One Trust Home Loans*. Alegaron que estos no eran residentes de Puerto Rico.

El 8 de abril de 2024 la Secretaria del Tribunal expidió el emplazamiento personal para *CalCon Mutual Mortgage*, *LLC* dba *One Trust Home Loans.* Luego, el 6 de mayo de 2024, el Tribunal emitió el emplazamiento por edictos contra CalCon y Phillip Richard Morris, según lo solicitó la Parte Demandante.

El 8 de agosto de 2024, *CalCon* presentó una moción de *Comparecencia Especial, Sin Someterse a la Jurisdicción del Honorable Tribunal, en Solicitud de Desestimación bajo Regla 4.3 (c)*. Alegó que los Demandantes no diligenciaron el emplazamiento, en o antes del 6 de agosto de 2024, dentro del término de ciento veinte (120) días que provee la Regla 4.3 (c) de Procedimiento Civil, *infra*, para diligenciarlo.[1] Explicó que el hecho

---

[1] 32 LPRA Ap. V.

de que los Demandantes solicitaron que se expidiera el emplazamiento por edictos, y que el Tribunal lo expidió, no se extendió el término de ciento veinte (120) días para emplazar. Mencionó que los Demandantes no tenían derecho a solicitar que se expidiera emplazamiento por edictos para CalCon, sin antes haber hecho las gestiones de rigor para emplazarlos. Sostuvo que CalCon es una corporación extranjera con agente residente en Puerto Rico. Agregó que los Demandantes no acompañaron una declaración jurada para evidenciar sus gestiones para emplazarlo.[2]

El 23 de agosto de 2024, los Demandantes instaron una *Moción sobre Intención de Oponerse*. En esta solicitaron una prórroga de veinte (20) días para fijar su posición.

El 2 de septiembre de 2024, notificada el 16 de septiembre del corriente año, la Sala de Instancia le concedió los días que le solicitó el Demandante para oponerse y para que presentara la evidencia médica a la que aludió en la solicitud de prórroga. El 16 de septiembre de 2024, el Demandante presentó una *Moción en Cumplimiento de Orden* para incluir la documentación médica.

Así las cosas, el 18 de septiembre de 2024 CalCon Mutual Mortgage, LLC presentó *Comparecencia Especial, Sin Someterse a la Jurisdicción del Honorable Tribunal, Solicitando que la Solicitud de Desestimación bajo Regla 4.3 (c)* se tenga por sometida para adjudicación sin oposición.

Luego de otros escritos, el 25 de septiembre de 2024, los Demandantes presentaron la *Oposición a Solicitud de Desestimación (Entrada Número 32)*. En síntesis, señalaron que la Parte Demandada está en los Estados Unidos y tiene su oficina

---

[2] Apéndice págs. 28-31.

principal en los Estados Unidos. Que el Tribunal autorizó el emplazamiento por edicto y procedió a emplazar por edicto a la Parte Demandada dentro del término de ciento veinte (120) días que dispone la Regla 4.3 (c) de Procedimiento Civil. Indicaron que, por eso, no procedía desestimar la acción.

Con el beneficio de las mociones presentadas, el 4 de octubre de 2024, el Tribunal de Instancia emitió la siguiente *Resolución*:

1. Con relación a la Parte Co demandada Phillip Richard Morris, emplazada por edicto juntamente con la parte Co demandada CalCon Mutual Mortgage, LLC., dicho emplazamiento por edicto se sostiene ya que fue solicitado y diligenciado conforme a las disposiciones de la Regla 4.6 (a) de las de Procedimiento Civil vigentes.

2. Con relación a la parte Co demandada CalCon Mutual Mortgage, LLC., emitido su emplazamiento para diligenciamiento personal y luego solicitado y autorizado su emplazamiento por edicto, el Tribunal, reconociendo ahora que en cuanto a esta parte no se cumplió con los requerimientos establecidos en la Regla 4.6 (b) de las de Procedimiento Civil vigentes, se desestima sin perjuicio la acción contra dicha parte. Al no ser conforme a las reglas, se violenta el Debido Proceso de Ley en su aspecto procesal por lo que carece el Tribunal de jurisdicción sobre la persona de esta parte Co demandada.

Ciertamente no se presentaron las gestiones y circunstancias del diligenciamiento del emplazamiento personal requeridas para casos de Corporaciones con agente residente en la jurisdicción de Puerto Rico. Al presentarse en conjunto con la persona natural no residente e informándose el hecho de las oficinas centrales de la corporación están localizadas en los Estados Unidos, llevó a error al Tribunal en esa determinación.

Dicho esto, resulta inconsecuente la acción solicitada de renuncia al emplazamiento personal. Conforme a lo dispuesto en la regla 4.3 (c) de las de Procedimiento Civil vigentes, vencido el término jurisdicción de los ciento veinte (120) días, la Parte Demandante debe emplazar personalmente a la parte Co demandada CalCon Mutual Mortgage, LLC., en conciencia de que no cumplir con este término en una segunda ocasión, representaría una desestimación con perjuicio contra dicha parte.

En desacuerdo, el 1ro de noviembre de 2024, los Peticionarios presentaron un recurso de *Certiorari* ante nuestro Foro. Alegaron que el Foro Primario incurrió en los siguientes señalamientos de error:

> **Primero:** Al revertir su determinación en cuanto al emplazamiento por edicto dirigido a la parte recurrida en este caso porque la parte recurrida no presentó oportunamente una moción de reconsideración de dicha determinación del Foro de Instancia.
>
> **Segundo:** Al revertir su determinación de avalar el emplazamiento por edicto contra la parte recurrida, con la frase "reconociendo ahora", aduciendo que procedía emplazar personalmente a la parte recurrida y la parte recurrente no cumplió con el plazo improrrogable para emplazar personalmente a la parte recurrida, desestimando el caso de marras.
>
> **Tercero:** Al dejar sin efecto el emplazamiento por edicto contra la parte recurrida con la frase "reconociendo ahora", cuando la parte recurrente satisfizo la disposición correspondiente del ordenamiento jurídico para emplazar por edicto a la parte recurrida.

El recurrido CalCon presentó su oposición al recurso. Con el beneficio de ambos escritos, disponemos.

## II.

## A.

El recurso de *certiorari* constituye un vehículo procesal de carácter discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido. Rivera et al. v. Arcos Dorado et al., 212 DPR 194, 207 (2023); Torres González v. Zaragoza Meléndez, 211 DPR 821, 403 (2023); McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021); 800 Ponce de León v. AIG, 205 DPR 163, 174 (2020); IG Builders et al. v. BBVAPR, 185 DPR 307, 337-338 (2012).

Contrario al recurso de apelación, la expedición o no del auto de *certiorari* solicitado descansa en la sana discreción del Foro Apelativo. Torres González v. Zaragoza Meléndez, *supra*;

Medina Nazario v. McNeil Healthcare LLC, 194 DPR 723, 729 (2016). En el ámbito judicial, la discreción del tribunal revisor no debe abstraerse del resto del Derecho y, por lo tanto, es una forma de razonabilidad aplicada al discernimiento judicial para así llegar a una conclusión justiciera. Mun. Caguas v. JRO Construction, 201 DPR 703, 712 (2019); IG Builders et al. v. BBVAPR, *supra*, pág. 338.

En particular, la Regla 52.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, establece los preceptos que regulan la expedición discrecional que ejerce el Tribunal de Apelaciones sobre el referido recurso para la revisión de sentencias y resoluciones dictadas por el Tribunal de Primera Instancia. Rivera et al. v. Arcos Dorados et al., *supra*; McNeil Healthcare v. Mun. Las Piedras I, *supra*; Mun. de Caguas v. JRO Construction, *supra*, pág. 709. En lo que nos atañe, esta regla dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Al evaluar un recurso de *Certiorari* nuestros oficios se encuentran enmarcados en el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B que en su Regla 40 señala los criterios que debemos tomar en consideración al atender una

solicitud de expedición de un auto de *certiorari*.  Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 97 (2008).  La referida regla dispone lo siguiente:

> A.  Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C.  Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F.  Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

**B.**

El emplazamiento es un mecanismo procesal que tiene el propósito de notificar al demandado sobre la existencia de una reclamación incoada en su contra y, a su vez, es a través de este mecanismo que el tribunal adquiere jurisdicción sobre la persona del demandado.  Ross Valedón vs. Hosp. Dr. Susoni Et Al, 2024 TSPR 10, 213 DPR__ (2024); Pérez Quiles v. Santiago Cintrón, 206 DPR 379, 384 (2021).  De esta forma, el emplazamiento "representa el paso inaugural del debido proceso de ley que viabiliza el ejercicio de la jurisdicción judicial". Íd.

Las Reglas de Procedimiento Civil establecen dos maneras para diligenciar un emplazamiento, a saber: de forma personal o

mediante edicto. <u>Caribbean Orthopedics v. Medshape et al.</u>, 207 DPR 994, 1005 (2021); <u>Sánchez Ruiz v. Higuera Pérez</u>, 203 DPR 982, 987 (2020). El emplazamiento personal es el método idóneo para adquirir jurisdicción. Ahora bien, por excepción y en circunstancias específicas, nuestras Reglas de Procedimiento Civil permiten que se utilice el mecanismo del emplazamiento por edicto. <u>Caribbean Orthopedics v. Medshape et al.</u>, *supra*.

Para el emplazamiento personal, la Regla 4.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.4, instituye lo siguiente:

> El emplazamiento y la demanda se diligenciarán conjuntamente. Al entregar la copia de la demanda y del emplazamiento, ya sea mediante su entrega física a la parte demandada o haciéndolas accesibles en su inmediata presencia, la persona que lo diligencie hará constar al dorso de la copia del emplazamiento sobre su firma, la fecha, el lugar, el modo de la entrega y el nombre de la persona a quien se hizo la entrega. El diligenciamiento se hará de la manera siguiente:
>
> […]
>
> (e) **A una corporación, compañía, sociedad, asociación o cualquier otra persona jurídica, entregando copia del emplazamiento y de la demanda a un(a) oficial, gerente administrativo(a), agente general o a cualquier otro(a) agente autorizado(a) por nombramiento o designado(a) por ley para recibir emplazamientos**. […]

Por otro lado, la Regla 4.6 de Procedimiento Civil, 32 LPRA Ap. V, regula todo lo relacionado al emplazamiento por edictos. Esta dispone, en lo pertinente:

> (a) Cuando la persona a ser emplazada esté fuera de Puerto Rico, o que estando en Puerto Rico no pudo ser localizada después de realizadas las diligencias pertinentes o se oculte para no ser emplazada, **o si es una corporación extranjera sin agente residente y así se compruebe a satisfacción del tribunal mediante una declaración jurada que exprese dichas diligencias**, y aparezca también de dicha declaración o de la demanda presentada que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, **el tribunal podrá dictar una orden**

**para disponer que el emplazamiento se haga por un edicto**. **No se requerirá un diligenciamiento negativo como condición para dictar la orden que disponga que el emplazamiento se haga mediante edicto**. (Énfasis nuestro).

Para que un tribunal "permita un emplazamiento mediante edicto, tiene que haberse intentado efectuar previamente un emplazamiento personal, y después haberse sometido —y lógicamente tener el juez ante sí— una declaración jurada con la expresión de las diligencias ya efectuadas". Sánchez Ruiz v. Higuera Pérez, *supra*, págs. 987-988; citando a Reyes v. Oriental Fed. Savs. Bank, 133 DPR 15, 23 (1993).

La declaración jurada que acredita las diligencias realizadas para citar al demandado personalmente debe expresar hechos específicos y no meras conclusiones o generalidades. Sánchez Ruiz v. Higuera Pérez, *supra*, pág. 988*;* Reyes v. Oriental Fed. Savs. Bank, *supra*, pág. 25. Al evaluar la suficiencia de tales diligencias, el tribunal deberá tener en cuenta todos los recursos razonablemente accesibles al demandante para intentar hallar al demandado y si se ha agotado toda posibilidad razonable disponible al demandante para poder localizarlo". Sánchez Ruiz v. Higuera Pérez, *supra*, pág. 988; citando a Global v. Salaam, 164 DPR 474, 483 (2005).

En cuanto al término para diligenciar un emplazamiento, la Regla 4.3 (c) de Procedimiento Civil, 32 LPRA Ap. V, instituye que:

> [e]l emplazamiento será diligenciado en el término de **ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto.** El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una

solicitud de prórroga. **Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio**. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos. (Énfasis nuestro).

Ross Valedón vs. Hosp. Dr. Susoni Et Al, *supra*.

Sobre el diligenciamiento del emplazamiento personal, el Tribunal Supremo decretó que, expedido el emplazamiento, la parte que lo solicita cuenta con un término improrrogable de ciento veinte (120) días para diligenciarlo. Bernier González v. Rodríguez Becerra, 200 DPR 637, 649 (2018); Sánchez Ruiz v. Higuera Pérez, *supra*, pág. 991. Si en ciento veinte (120) días el demandante no ha podido diligenciar el emplazamiento, automáticamente se desestimará su causa de acción. Bernier González v. Rodríguez Becerra*, supra.*

De otro lado, al solicitar el emplazamiento por edictos, el término **improrrogable** de ciento veinte (120) días para emplazar comienza a transcurrir cuando se autoriza y se expide el emplazamiento por edicto. Sánchez Ruiz v. Higuera Pérez, *supra*, pág. 994. Para ello, la parte demandante tiene que solicitar su expedición antes de que finalice el término para diligenciar el emplazamiento personal. Íd. Así pues, una vez se intenta sin éxito emplazar personalmente a un demandado, y tras acreditar las diligencias realizadas para citarlo personalmente se solicita emplazarlo por edictos dentro del plazo de ciento veinte (120) días, comienza a decursar un nuevo término **improrrogable** de ciento veinte (120) días para emplazar por edictos, una vez se expida el correspondiente emplazamiento. Sánchez Ruiz v. Higuera Pérez, *supra;* Bernier González v. Rodríguez Becerra, *supra*, pág. 650.

**C.**

En términos generales, el Tribunal Supremo ha definido la sentencia final "como cualquier determinación del tribunal que resuelva finalmente la cuestión litigiosa". <u>Pueblo v. Rivera Ortiz</u>, 209 DPR 402, 420 (2022); <u>De Jesús v. Corp. Azucarera de PR</u>, 145 DPR 899 (1998).

Asimismo, la Regla 42.1 de Procedimiento Civil, 32 LPRA Ap. V, indica que, "el término *sentencia* incluye cualquier determinación del Tribunal de Primera Instancia que resuelva finalmente la cuestión litigiosa y de la cual pueda apelarse." A su vez, la citada Regla 42.1 establece que, "el término *resolución* incluye cualquier dictamen que pone fin a un incidente dentro del proceso judicial."

En reiteradas ocasiones el Tribunal Supremo ha resuelto que cuando el tribunal emite una resolución, pero ésta verdaderamente pone fin a una reclamación entre las partes, la referida resolución constituye una sentencia, final o parcial, de la cual puede interponerse un recurso de apelación. <u>Figueroa v. Del Rosario</u>, 147 DPR 121, 126-127 (1998). Después de todo, es el contenido de un escrito, no el título que se le dé, el que determina su naturaleza. Íd.; ver, además, <u>García v. Padró</u>, 165 DPR 324, 333 (2005).

Ahora bien, cuando existan múltiples reclamaciones o partes, la Regla 42.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 42.3, estatuye lo siguiente:

> Cuando un pleito comprenda más de una reclamación, ya sea mediante demanda, reconvención, demanda contra coparte o demanda contra tercero o figuren en él partes múltiples, **el tribunal podrá dictar sentencia final en cuanto a una o más de las reclamaciones o partes sin disponer de la totalidad del pleito**, siempre que concluya expresamente que no existe razón para posponer que se dicte sentencia sobre tales reclamaciones hasta la

resolución total del pleito, y siempre que ordene expresamente que se registre la sentencia." […]

Conforme a lo anterior, un tribunal posee —dentro de un pleito que incluye múltiples reclamaciones o varias partes— la facultad para emitir una sentencia final sin disponer de —o adjudicar— la totalidad del caso. Para ello, es menester que el tribunal expresamente: (1) concluya que no existe razón para postergar que se dicte sentencia sobre la reclamación o la parte, y (2) ordene expresamente el registro de la sentencia. Rosario et al v. Hosp. Gen. Menonita, Inc., 155 DPR 49, 57 (2001).

De igual manera, si el tribunal dicta una sentencia parcial que no cumple con los requisitos de la Regla 42.3 de Procedimiento Civil, la sentencia dictada por no ser final no es apelable, sino que es una resolución que sólo puede ser revisada mediante recurso de *certiorari*. Véase, García v. Padró, *supra,* pág. 334.

**III.**

La Peticionaria alegó que el Foro Primario determinó que procedía el emplazamiento por edicto contra la Parte Recurrida. Señaló que efectuó oportunamente el emplazamiento por edicto y así lo demostró fehacientemente al Tribunal.  Señaló que, con ello, la Sala de Instancia adquirió jurisdicción sobre el Recurrido y no había que emplazarlo personalmente, como ahora se requiere. Sostuvo, además, que el Foro Primario estaba impedido de revertir su determinación de autorizar al emplazamiento por edictos, pues la Parte Recurrida no presentó una solicitud de reconsideración contra esa decisión.

Por su parte, CalCon aseveró era una corporación extranjera que contaba con un agente residente en Puerto Rico y el Peticionario no presentó una declaración jurada sobre las diligencias para emplazarlos personalmente.  Por esta razón,

adujo que la orden que emitió el Tribunal para autorizar el emplazamiento por edicto fue inválida. Asimismo, indicó que el emplazamiento por edicto era nulo y no le confirió jurisdicción al Tribunal sobre el Recurrido. Señaló que al transcurrir el plazo de ciento veinte (120) días para emplazar, procedía que el Foro Primario desestimara la acción, sin perjuicio, lo cual hizo.

Evaluamos.

Del expediente surge que los Peticionarios instaron una demanda contra CalCon y otras personas. Allí alegaron que CalCon constaba inscrita en el Registro de Corporaciones del Departamento de Estado de Puerto Rico. Identificaron la dirección postal y física en 273 Avenida Ponce de León, Suite 1500, San Juan, Puerto Rico 00917. Además, que el agente residente de CalCon en Puerto Rico era Corporate Service Solutions, LLC y que la dirección postal y física de la última era en Agustin Stahl, Carr. 174 A-10, Bayamón, Puerto Rico 00956.

De lo anterior se desprende que al ser CalCon una corporación que cuenta con un agente residente en Bayamón, Puerto Rico, procedía que el demandante diligenciara el emplazamiento personal contra ese demandado, según lo establece la Regla 4.4 (e) de Procedimiento Civil, *supra*. El término para realizar este trámite era de ciento veinte (120) días improrrogables, a partir de la fecha de la expedición del emplazamiento, hecho que ocurrió el 8 de abril de 2024.

Sin embargo, antes de concluir esa gestión, el 6 de abril de 2024, el mismo día en que presentó la demanda, la Parte Peticionaria le solicitó al Foro Primario que expidiera un emplazamiento por edictos contra los demandados CalCon y Phillip Richard Morris. Sin embargo, la Parte Peticionaria realizó esta solicitud sin antes acreditar mediante declaración jurada las diligencias para emplazar personalmente a CalCon, según lo

requieren las Reglas 4.4 (e) y 4.6 (a) de Procedimiento Civil, *supra*.

Aun cuando el Foro Primario permitió el emplazamiento por edictos el 6 de mayo de 2024, luego pudo corroborar, a petición de CalCon que, en efecto, el Peticionario no cumplió con las gestiones y circunstancias del diligenciamiento personal requeridas en Derecho. Esto es, como paso previo a la solicitud de emplazamiento por edictos, el Peticionario debió someter al Foro Primario una declaración jurada con las diligencias para emplazar personalmente al codemandado CalCon, por ser una corporación con un agente residente en Puerto Rico. Al no efectuarse el debido trámite y al no diligenciarse el emplazamiento personal oportunamente, el Foro Primario desestimó la acción sin perjuicio, según lo provee la Regla 4.3(c) de Procedimiento Civil.

Este era el curso adecuado a seguir, pues el emplazamiento por edictos no subsanó el trámite inicial del emplazamiento personal. Reiteramos que el emplazamiento por edictos se podía solicitar, cuando la corporación extranjera no tuviese un agente residente en Puerto Rico-lo cual no es nuestro caso- y así el Tribunal lo comprobara a su satisfacción, mediante una declaración jurada que exprese esas diligencias. Luego de ese trámite, es que el Tribunal podía dictar una orden para que el emplazamiento se realizara por edicto, no antes como aquí ocurrió. Por tanto, la determinación del Foro Primario de desestimar la acción sin perjuicio, en cuanto a CalCon, resulta adecuada.

Ahora bien, destacamos que, al tratarse de la desestimación sin perjuicio contra una de las partes en un pleito, en principio el Foro Primario debía disponer del asunto vía Sentencia Parcial y no por Resolución, con las advertencias previamente esbozadas en el análisis doctrinal conforme a la Regla 42.3 de Procedimiento Civil.

**IV.**

Por los fundamentos que anteceden, se expide el auto de *certiorari* y se confirma la Resolución recurrida para darle finalidad al asunto en controversia.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones